UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| NICK ESTES, | ) | |
|     No. 4947444, | ) | |
| | ) | |
|     Plaintiff, | ) | No. 1:17-cv-00026 |
| | ) | CHIEF JUDGE CRENSHAW |
| v. | ) | |
| | ) | |
| WARDEN f/n/u LANDAMOOD, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

### MEMORANDUM

Nick Estes, an inmate of the South Central Correctional Facility in Clifton, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Warden f/n/u Landamood,[1] f/n/u Bryant, and f/n/u Ward, alleging a violation of the Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. §

---

[1] It seems likely that the Plaintiff intended to name Cherry Lindamood, the Warden of the South Central Correctional Facility.

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff

must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, while an inmate of the South Central Correctional Facility, on January 12, 2017, unit manager f/n/u Butram told the Plaintiff to tuck in his shirt upon arriving for lunch in the chow hall. The Plaintiff did not comply, claiming that he did not hear the command. According to the complaint, Butram talked to him like he was a "dog" and cursed at him. As punishment, Defendant Ward sent the Plaintiff back to his pod without permitting the Plaintiff to eat lunch or to take a tray of food with him. (Doc. No. 1, Attach. 1 at 2-3).

### IV. Analysis

First, while the complaint names Warden Lindamood as a Defendant to this action, the Plaintiff has not alleged any specific personal involvement of the Warden in the events described in the complaint. The Warden is not even mentioned in the narrative section of the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), and the Plaintiff here has failed to do so with regard to the Warden. Thus, the Plaintiff's claims against Defendant Warden Lindamood must be dismissed.

The crux of the complaint is that the Defendants' actions contributed to or caused the Plaintiff to miss lunch on January 12, 2017. Prison officials are required to provide inmates with adequate food. For Eighth Amendment purposes, adequate food is characterized as "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" Green v. Ferrell, 801 F.2d 765,

3

770 (5th Cir. 1986) (quoting Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977)) (footnote omitted). Isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation where the daily meal or meals provided are sufficient to maintain normal health. See Cunningham v. Jones, 667 F.2d 565, ____ (6th Cir.1982) (one meal per day for fifteen days consecutive days did not violate the Eighth Amendment where the one meal provided sufficient nutrition to sustain normal health for that time period); Islam v. Jackson, 782 F. Supp. 1111, ____ (E.D. Va. 1992) (serving inmate a maggot-contaminated meal on one occasion and serving food under unsanitary conditions for thirteen days did not constitute cruel and unusual punishment). See also White v. Gregory, 1 F.3d 267, ____ (4th Cir. 1993) (providing prisoners two meals a day on weekends and holidays, even though three meals were served during the week, did not rise to the level of an Eighth Amendment violation); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) ("Even on a regular, permanent basis, two meals a day may be adequate [under the Eighth Amendment]."); Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (a prisoner's "missing a mere one out of every nine meals [50 meals over five months] is hardly more than that missed by many working citizens over the same period. We are therefore doubtful that [the plaintiff] was denied anything close to a minimal measure of life's necessities.").

Here, the Plaintiff missed one meal on one occasion. The complaint does not allege that the Plaintiff lost weight, that his health suffered as a result of insufficient nutrients, or that he otherwise suffered any harm as a result of the missed meal. While the Court does not condone punishing inmates by withholding food, the Court finds that the complaint fails to allege facts supporting an Eighth Amendment violation based on the punishment imposed on this particular occasion under the specific circumstances described in the complaint. Thus, the Plaintiff's claims against the

4

remaining Defendants will be dismissed.

**V.    Conclusion**

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*.   28 U.S.C. § 1915(e)(2). Accordingly, this action will be dismissed.

An appropriate order will be entered.

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE